UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA :
:
:
:
v. : Case No.: 8:19-CR-149-VMC-AAS
:
:
:
ARIEL EZEQUIEL PINARGOTE :
SERRANO :
_____ :

# DEFENDANT ARIEL EZEQUIEL PINARGOTE SERRANO'S SENTENCING MEMORANDUM

COMES NOW, the undersigned counsel, on behalf of the Defendant, ARIEL EZEQUIEL PINARGOTE SERRANO, and files this his sentencing memorandum and in support states as follows:

I.   SENTENCING PROCESS

To arrive at a sentence that is sufficient but not greater than necessary and to comply with the purposes set forth in paragraph two of Title 18 United States Code Section 3553(a), the Defendant understands the Court will first calculate the Defendant's guideline sentence, next consider any departures based on the criteria set forth in the federal sentencing guidelines from Sections 5K1.1 to 5K3.1, and, finally, consider whether the sentence imposed should be different from either the federal sentencing guideline sentence or the departure sentence (if any), after considering the factors set forth in 18 United States Code Section 3553(a).

II.     PRESENTENCE INVESTIGATION REPORT

Undersigned counsel has no objections to the factual accuracy of the presentence investigation report.

Undersigned counsel has no legal objections to the legal accuracy of the presentence investigation report.

III.    SECTION 5K1.1 OF THE FEDERAL SENTENCING GUIDELINES

The government filed a substantial assistance downward departure motion pursuant to Section 5K1.1 of the United States Sentencing Guidelines with a request for a two level downward departure on the Defendant's behalf. The Defendant joins the government's request and respectfully asks this Honorable Court to grant the government's motion and sentence the Defendant below the ten-year minimum mandatory term of imprisonment in this case.

However, the Defendant requests this Honorable Court hear argument as to the extent of the downward departure. Given the sensitive and extensive nature of his cooperation, the Defendant has intentionally not put forth all currently available information in this publicly available document. However, both the Defendant and undersigned counsel are prepared to address this issue at sentencing to assist this Honorable Court in making a proper and just determination as to the extent of the downward departure.

When analyzing the Defendant's cooperation under United States Sentencing Guideline Section 5K1.1, the Defendant respectfully directs this Honorable Court to the following relevant guideline language:

> Upon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines. The appropriate reduction shall be determined by the district court for reasons stated that may include, but are not limited to, consideration of the following:

1. the court's evaluation of the significance and usefulness of the defendant's assistance, taking into consideration the government's evaluation of the assistance rendered;

2. the truthfulness, completeness, and reliability of any information or testimony provided by the defendant;

3. the nature and extent of the defendant's assistance;

4. any injury suffered, or any danger or risk of injury to the defendant or his family resulting from his assistance.

IV. DOWNWARD VARIANCE ANALYSIS

Undersigned counsel is fully aware this Honorable Court understands the law regarding the discretion it has at federal sentencing based upon the advisory nature of the federal sentencing guidelines pursuant to *United States v. Booker*, 543 U.S. 220, 245-67 (2005), *Rita v. United States*, 127 S.Ct. 2456 (2007), *Kimbrough v. United States*, 128 S.Ct. 558 (2007), and Gall v. United States, 552 U.S. 38, 53 (2007). As such, there will not be an in-depth analysis of this relevant law in this memorandum. Undersigned counsel is also fully aware this Honorable Court will read the presentence investigation report prior to the Defendant's sentencing and will not simply regurgitate the information contained within it in this memorandum in the form of the ultimate sentencing request. At sentencing, undersigned counsel will however highlight several facts from the presentence investigation report and in turn make legal arguments relevant to imposing a just sentence.

IV. SENTENCING POSITION

The issue therefore before this Honorable Court is whether a sentence within the advisory federal sentencing guideline range of 135 months to 168 months is sufficient but not greater than necessary to comply with the law. Once this Honorable Court calculates the Defendant's final offense level under the advisory federal sentencing guidelines, based on the criteria set forth in

the federal sentencing guidelines from Sections 5K1.1 to 5K3.1, and then considers whether the sentence imposed should be different from either the federal sentencing guideline sentence or the departure sentence (if any), and after considering the factors set forth in 18 United States Code Section 3553(a), the Defendant respectfully suggests a sentence within the advisory federal sentencing guideline range of 135 months to 168 months is not sufficient and greater than necessary to comply with the law and thus unreasonable.

For the reasons stated in this sentencing memorandum, the Defendant respectfully requests a sentence of 2,610 days in federal prison followed by his deportation to Ecuador.[1] This punishment will promote respect for the law because it is a federal prison sentence but at the same time it takes into consideration the mitigating factors set forth in this Defendant's life and does not run the risk of further harming this young and impressionable young man going forward.

V.     REQUESTS FOR JUDICIAL RECOMMENDATIONS

The Defendant understands that judicial recommendations are just that – mere judicial recommendations. There is no guarantee that a judicial recommendation will result in action. However, relevant law and prison policy state more weight is given to a judicial recommendation if there is a factual basis on the record for the judicial recommendation. [2]

---

[1] 2,610 days is roughly equivalent to 87 months, or the bottom of the guidelines for a final offense level of 29 and a criminal history category of 1. This amounts to two additional levels from what the government is currently requesting from this Honorable Court.

[2] The Bureau of Prisons welcomes judicial recommendations and, by statute and its own policy, is required to consider them. *See* 18 U.S.C. Section 3621 and Program Statement 5100.08, "Inmate Security Designation and Custody Classification". Pursuant to the above statute, the Bureau of Prisons is required to consider the type of offense, the length of sentence, the defendant's age, the defendant's release residence, the need for medical or other special treatment, any placement recommendation made by the court, and all guidance issued by the United States Sentencing Guidelines. Therefore, while the Bureau of Prisons has the sole authority to designate the place of confinement for federal prisoners, if a defendant's judgment and conviction indicates the district court's preference for housing the inmate within a specific institution, geographic area, or specialized program, it must be considered and every effort will be made to fulfill the district court's recommendation request should there be reasons on the record to support the request.

4

The Defendant respectfully requests a recommended designation of a federal prison as close as possible to Miami, Florida or Fort Dix, New Jersey.

## **CONCLUSION**

WHEREFORE, the Defendant, ARIEL EZEQUIEL PINARGOTE SERRANO, by and through his undersigned counsel respectfully requests this Honorable Court will grant the requested relief/and or any other relief deemed necessary.

Respectfully submitted,

By: /s/ Mark J. O'Brien
Mark J. O'Brien, Esquire
Florida Bar No.: 0160210
511 West Bay Street
Suite 330
Tampa, Florida 33606
Direct: (813) 228-6989
Email: mjo@markjobrien.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY on September 5, 2019 I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will then send notice of electronic filing to all counsel of record.

By: /s/ Mark J. O'Brien<br>
Mark J. O'Brien, Esquire